PER CURIAM:
Claimant, Sherry Dienges, seeks an award from the Division of Highways for property damage sustained to her automobile when her son, John Carroll Dienges, was involved in a single-vehicle accident took place about 8:00 p.m. on April 23, 1992, on Norway Avenue in Cabell County, West Virginia, in the city of Huntington.
From the evidence adduced at the hearing on July 14, 1992, it appears that John Dienges was operating the claimant’s vehicle, a 1979 Malibu Classic, on Norway Avenue when he drove to the right to avoid an oncoming vehicle in his lane of travel and the vehicle struck two holes in the surface of the road, causing damages to the right front and rear tires. The amount of damage to the tires was $200.00.
The claimant’s son, John Dienges, testified that he was traveling on Norway Avenue when he saw holes in the surface of the road in his lane of traffic. He started to drive into the left lane of traffic in order to avoid them, but another vehicle came around a curve towards him in his lane of traffic and he had to move to the right side of the road in order to avoid hitting the vehicle. When he drove to the right, the front and rear passenger side of the vehicle struck the holes in the road. He did not lose control of his vehicle, he simply came to a stop. He stated that the holes are about five to six inches from the berm into the paved portion of the orad and the area is jagged where the road has been chipped away. He stated that the holes are about five or six inches from the berm into the paved portion of the road and the area is jagged where the road has been chipped away. He stated that his mother, the claimant, made a video tape of the holes in the road six days after the accident and that she reported the accident to the respondent. He stated that he knew about these holes prior to the accident, but that he did not report them to the respondent prior to the accident.
Claimant testified that she is the owner of the vehicle driven by her son during the accident. She stated that the front and rear passenger-side tires needed to be replaced after the accident. She also testified that she took a video of the scene of the accident. She was aware of the holes in the road prior to the accident, but she did not report them to respondent prior to her son’s accident.
For the respondent, Bill Byrd, crew maintenance supervisor employed by the respondent, testified that he was familiar with the scene of the accident and the alleged hole was actually a break in the edge of the pavement. He stated that the break did not extend very far into the travel portion of the road and that there was still nine feet of travel space on the road. He had no calls concerning the area prior to this accident, and was not aware that the condition on the *203 berm existed.
After having viewed the video tape of the scene of the accident and having considered the evidence in the claim, the Court finds, as a matter of fact, that the berm was deteriorated, but the operator of the vehicle could have avoided the accident; that the respondent had no notice of the condition of the berm; and that the negligence of the operator of the vehicle was equal to or greater than the negligence, if any, on part of the respondent. Therefore, the Court is of the opinion to and does deny this claim.
Claim disallowed.